```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VICTOR MCKEEVER,

                    Plaintiff,
                                           MEMORANDUM & ORDER
          -against-                        19-CV-1756(JS)(SIL)

MADELINE SINGAS, BRITTANY R.
GURRIER, LAUREN KALAYDIJAN,
MARY MURACK, KRISTIN C. ROSS,
DOROTHY J. MARTIN, STEVEN
STADTMILLER, PATRICK DELANEY,
PATRICK CARROLL, POLICE OFFICER
JOHN DOE #1, POLICE OFFICER JOHN
DOE #2, COUNTY OF NASSAU, NY;
COUNTY OF MINEOLA, NY; COUNTY OF
ALLEGHENY, PA; CITY OF PITTSBURGH,
PA; FREEPORT NEWS, WPXI, and RENEE
WALLACE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Victor McKeever, pro se
                   607 Wandless Street
                   Pittsburgh, Pennsylvania 15219

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On March 22, 2019, then incarcerated pro se plaintiff Victor McKeever ("Plaintiff") filed another Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County and Nassau County District Attorney Madeline Singas ("D.A. Singas") and an additional sixteen defendants (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis. (1st IFP Mot., Docket Entry 2.) On April 2, 2019,

Plaintiff filed two letters enclosing "missing" pages from his Complaint. (See Docket Entries 7-8.) Plaintiff also filed a Motion to Compel Subpoenas pursuant to Federal Rule of Civil Procedure 45. (See Mot. to Compel, Docket Entry 9.) In addition, on April 22, 2019, Plaintiff filed another application to proceed in forma pauperis and a "Motion for Request for Speedy Trial and Emergency Injunction/Temporary Restraining Order." (See 2nd IFP Mot., Docket Entry 14; Emergency Mot., Docket Entry 16.)

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED. However, for the reasons that follow, the Complaint is CONSOLIDATED with Plaintiff's earlier case, 17-CV-4996, and Plaintiff's claims for injunctive relief are DISMISSED WITHOUT PREJUDICE. Plaintiff's remaining claims seeking monetary damages are STAYED pending conclusion of the underlying criminal case. Given the STAY, the Motion to Compel Subpoenas and the Motion for Request for Speedy Trial and Emergency Injunction/Temporary Restraining Order are DENIED WITHOUT PREJUDICE.

## BACKGROUND[1]

Plaintiff's Complaint is comprised of thirty-six pages and an additional 107 pages of exhibits. It is filed pursuant to Section 1983, and purports to allege civil rights violations by Defendants in connection with Plaintiff's underlying New York state criminal case under Indictment No. 2037N/15. Like his earlier Complaint assigned docket number 17-CV-4996, Plaintiff challenges his arrest on a bench warrant issued pursuant to allegedly false information claiming that Plaintiff possessed and sold illegal drugs in Queens, New York. (Compl. at 7, 11, and Exs., Docket Entry 1-1, at 4.)[2] Plaintiff claims that he was arrested in Pittsburgh, Pennsylvania and that his arrest is unlawful because Plaintiff "was never physically in New York" and thus could not have been in Queens as claimed in the indictment against him. (Compl. at 11, ¶¶ 3-4.) Plaintiff was extradited to New York over his objection. (Compl. at 12, ¶¶ 15-17.)

According to the Complaint, Plaintiff was released on his own recognizance on January 31, 2019 in the underlying New

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] When citing to documents filed by Plaintiff, the Court refers to the page numbers generated by the Court's Electronic Case Filing System (ECF).

York state criminal case under Indictment No. 2037N/15, but was re-incarcerated on February 4, 2019 after he reported to his parole officer. (Compl. at 14, ¶¶ 45-46.) The underlying New York state criminal case remains pending. Plaintiff seeks to enjoin all further proceedings in the Nassau County Court, including under Indictment No. 2037N/15, and in Allegheny County or Pennsylvania (Compl. at 10), as well as a monetary damages award in the sum of $425 million (Compl. at 8).

## DISCUSSION

### I. In Forma Pauperis Applications

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

### II. Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine

whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co., Inc. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, Plaintiff's present Complaint is largely repetitive of his prior Complaint in this Court assigned Docket No. 17-CV-4996, and certainly involves common issues of law and

fact. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's cases be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 17-CV-4996. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the case assigned Docket No. 19-CV-1756, CLOSED. Any future filings are to be docketed in **only 17-CV-4996**.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial

6

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Abstention

Plaintiff seeks the Court's intervention in on-going state court criminal proceedings. In Younger v. Harris, 401 U.S. 37, 91 S Ct. 746, 27 L Ed. 2d 669 (1971), the Supreme Court concluded that although federal courts have the power to enjoin state criminal proceedings "when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." Id. at 45. In Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 134 S. Ct. 584, 187 L. Ed. 2d 505 (2013), the Supreme Court clarified that

7

Younger abstention is required in one of three types of state court proceedings:

> First, Younger preclude[s] federal intrusion into ongoing state criminal prosecutions. Second, certain civil enforcement proceedings warrant[ ] abstention. Finally, federal courts [must] refrain[ ] from interfering with pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.

Id. at 78 (internal quotation marks and citations omitted).

Here, insofar as Plaintiff seeks to have this Court intervene and stay any further criminal proceedings against Plaintiff in the New York or Pennsylvania state courts, this Court must abstain. Granting the injunctive relief sought would surely constitute "federal intrusion into ongoing state criminal proceedings." Id. Moreover, Plaintiff fails to allege any facts that would bring his case within any exception to the general requirement that the federal court abstain from intervening in, or enjoining pending state criminal proceedings. Rather, Plaintiff alleges generally that Defendants have acted in bad faith and have conspired against him. Accordingly, Plaintiff's constitutional claims seeking injunctive relief regarding his pending criminal case are DISMISSED WITHOUT PREJUDICE.

Unlike claims for declaratory and injunctive relief, the

Second Circuit has held that claims for monetary damages should not be dismissed under Younger abstention. Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). However, given that the instant Complaint is largely repetitive of Plaintiff's earlier Complaint under Docket No. 17-CV-4996, it too is STAYED pending the conclusion of the underlying criminal case. Therefore, the Clerk of the Court shall administratively CLOSE this case. Plaintiff may request, in writing, that this case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings, if so warranted at that time. Given the STAY, the Motion to Compel Subpoenas and the "Motion for Request for Speedy Trial and Emergency Injunction/Temporary Restraining Order" are DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED, and the present Complaint is CONSOLIDATED with Plaintiff's earlier Complaint assigned Docket No. 17-CV-4996. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the case assigned Docket No. 19-CV-1756 CLOSED. Any future filings are to be docketed in **only 17-CV-4996.** The Court ABSTAINS from intervening in Plaintiff's underlying state court criminal

9

proceeding. Accordingly, Plaintiff's claims seeking injunctive relief are DISMISSED WITHOUT PREJUDICE. Plaintiff's remaining claims seeking money damages are STAYED pending the conclusion of the underlying criminal case. Given the STAY, the Motion to Compel Subpoenas and the "Motion for Request for Speedy Trial and Emergency Injunction/Temporary Restraining Order" are DENIED WITHOUT PREJUDICE.

The Clerk of the Court shall administratively CLOSE this case. Plaintiff may request, in writing, that this case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings, if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case ADMINISTRATIVELY CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Dated: June 26 , 2019         Joanna Seybert, U.S.D.J.
       Central Islip, New York